UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRUCE L. KENYON, FRANK ANDRADE, and TIMOTHY SCANLON,<br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE; U.S. OFFICE OF JUSTICE PROGRAMS; and MAUREEN HENNEBERG, *Deputy Assistant Attorney General for Operations and Management for the Office of Justice Programs, in her official capacity*,<br>    Defendants. | C.A. No. 1:25-cv-0351-JJM-AEM |

ORDER

Bruce Kenyon, Frank Andrade, and Timothy Scanlon are pro se Plaintiffs bringing this suit against the Department of Justice and others (Defendants), alleging that federal conditions under Sex Offender Registration and Notification Act ("SORNA") violate their rights. ECF No. 1 at 5. The Defendants move to dismiss for failure to state a claim and lack of subject matter jurisdiction. ECF No. 10. For the reasons stated below, the Court agrees and GRANTS the Motion to Dismiss.

I.   BACKGROUND

Both parties acknowledge that the State of Rhode Island had a sex offender registration system before enactment of the federal SORNA[1]. ECF No. 10 at 2; 14

---

[1] 34 U.S. Code § 20911, et. seq.

at 4.  After SORNA was enacted, Congress conditioned a state's receipt of Byrne JAG grants[2] on state registration laws meeting certain minimum standards under SORNA.  ECF No. 10 at 2.  States that do not comply with these standards risk a 10 percent reduction in their Byrne JAG grant funding.  *Id.* at 2-3.  Byrne JAG grants are only awarded to states, not private individuals, and the conditioning of funds, along with a 10 percent reduction for not following SORNA standards, has been found to be not coercive under the *Dole* test.[3]  *Id.* at 2-3; *Id.* at 3 n. 1; *Id.* at 7-8 n. 4.  Therefore, the funds, and their conditions under SORNA, are a relationship between the states and the federal government.  As such, any actions governing individuals pursuant to these grants are actions taken by the states, not the federal government.

## II.    STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility is based on assuming the pleaded facts are true and reading them in the plaintiff's favor. *Klunder v. Tr. & Fellows of Coll. or Univ. in English Colony of Rhode Island & Providence Plantations*, No. C.A. 10-410 ML, 2012 WL 5936565, at *1 (D.R.I. Nov. 27, 2012). "Where a complaint pleads facts that

---

[2] The Edward Byrne Memorial Justice Assistance Grant (JAG) program is the leading source of federal justice funding to state and local jurisdictions.

[3] The *Dole* test, from *South Dakota v. Dole*, 483 U.S. 203 (1987), is the test for Constitutionality of attaching conditions to state funds by the federal government. One of the criteria is that the conditions cannot be coercive. If the conditions are coercive, then they are unconstitutional.

are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). However, pro se pleadings should be "liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Regarding subject matter jurisdiction, the party invoking federal jurisdiction bears the burden of showing jurisdiction. *Lujan v. Def. of Widlife*, 504 U.S. 555, 561 (1992). The standing requirement comes out of the "case and controversy" requirement. *Id.* at 560. As such, if a party does not have standing, then the Court does not have jurisdiction to hear the case. *Id.* The three elements required for standing are (1) an "injury in fact," which is a legally protected, concrete, particularized interest and is actual or imminent, not hypothetical; (2) the injury must be "fairly traceable" from the defendant's conduct and from a third party; and (3) it must be "likely" that the injury "can be redressed by a favorable decision." *Id.* at 560-61.

III.  DISCUSSION

    A.  **There Is No Standing, and Therefore, the Court Does Not Have Subject Matter Jurisdiction.**

The Plaintiffs' injuries are not "fairly traceable" to the Defendants' conduct. *Id.* The Plaintiffs' alleged injuries are due to actions taken by the State of Rhode Island, a third party, pursuant to its Byrne JAG grant. ECF No. 14 at 2 ("*Rhode Island* adopted…") (emphasis added). Even if Rhode Island's actions were federally

3

incentivized, as the Plaintiffs claim, that still is not grounds for standing. *Id.*; *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 383 (2024) ("When the plaintiff is an unregulated party, causation ordinarily hinges on the response of the regulated… third party to the government action or inaction... Yet the Court has said that plaintiffs attempting to show causation generally cannot rely on speculation about the unfettered choices made by independent actors not before the courts.") (citation omitted). Because causation hinges on the actions of the State of Rhode Island, a third party, the Plaintiffs cannot show traceability, and therefore, do not have standing. Thus, this Court lacks jurisdiction since there is no case or controversy.

### B. The Plaintiffs Fail To State a Claim upon Which Relief Can Be Granted.

As the Court mentioned, the State of Rhode Island's actions are the cause of the Plaintiffs' alleged injuries. ECF No. 14 at 2. Therefore, any relief that the Court grants in this case would do nothing to redress that injury since the federal government agencies are a party to this suit. Thus, the Plaintiffs have not stated a claim upon which relief can be granted.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Defendants' Motion to Dismiss. ECF No. 10. [4]

---

[4] The Court therefore DENIES AS MOOT, Plaintiffs' Motion to Transfer Venue to the District of Columbia Pursuant to 28 U.S.C:1404(a).

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 27, 2025